### In re I. S. REMSEN MFG. CO.

#### (District Court, E. D. New York. August, 1915.)

BANKRUPTCY ☞140—PROPERTY VESTING IN TRUSTEE—UNRECORDED CONDITIONAL SALE CONTRACTS.

Bankr. Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), which vests a trustee, as to property coming into his possession, with "all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon," does not entitle him as against the seller to hold property delivered to the bankrupt under a conditional sale contract reserving title, which, although unrecorded, is good under the state statute, except as against subsequent purchasers, pledgees, or mortgagees in good faith.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ☞140.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the I. S. Remsen Manufacturing Company, bankrupt. On application of the Adder Machine Company to compel trustee to deliver property to conditional vendor. Application granted.

Black, Varian & Simon, of New York City, for claimant.
Winslow, Keenan & Budd, of New York City, for trustee.

VEEDER, District Judge. This is an application by the Adder Machine Company for an order directing the trustee to deliver to it a certain machine. The machine in question was delivered by the claimant to the bankrupt on February 23, 1915, under a conditional contract of sale, which provided that title should remain in the claimant until the purchase price of the machine had been fully paid. Part of the purchase price remains unpaid, and the claimant, therefore, asks that the machine be returned.

The bankrupt filed a voluntary petition in bankruptcy on May 27, 1915. The contract of February 23, 1915, was not filed in the office of the register of Kings county until after the trustee was in possession of the bankrupt estate, by virtue of which fact the trustee claims title to the machine under section 47a (2), of the Bankruptcy Act, which vests a trustee with the rights of a judgment creditor. But section 62 of article 4 of the Personal Property Law of this state (Consol. Laws, c. 41) provides that:

"All conditions and reservations in a contract for the conditional sale of goods and chattels * * * shall be void as against subsequent purchasers, pledgees or mortgagees, in good faith, and as to them the sale shall be deemed absolute, unless such contract of sale, containing such conditions and reservations, or a true copy thereof, be filed as directed in this article."

Accordingly the failure to file a contract of conditional sale makes the condition void, not as to all creditors, but only as against subsequent purchasers, pledgees, and mortgagees in good faith. Section 47a (2) of the Bankruptcy Act does not purport to clothe a trustee with the rights of a subsequent purchaser.

The contract of conditional sale here in question is valid as to creditors, therefore valid as to the trustee, and the machine should be surrendered to the claimant.